# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLIE J. SANCHEZ,<br><br>              Plaintiff,<br><br>vs.<br><br>FITCH, INC.,<br><br>              Defendant. | 8:15CV293<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement (Filing No. 14.) made by and between Plaintiff Billie Sanchez ("Sanchez") and Fitch, Incorporated d/b/a A-1 Containers and Recycling ("Fitch"). The parties move this Court to approve a proposed settlement of Sanchez's claims, including one brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"). (Filing No. 14 ¶ 7.)

FLSA rights are statutory and generally cannot be waived. *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981); *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997)). However, one exception to this general rule allows an employee to waive her rights under the FLSA when "[the] employee brings suit directly against a private employer pursuant to [29 U.S.C. § 216(b)], and the district court enters a stipulated judgment." *Id.* However, the Court must first "scrutiniz[e] the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 (1946)). To approve a FLSA settlement under § 216(b), the

Court must find that "(1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains an award of reasonable attorney fees." *Grove v. ZW Tech, Inc.*, No. 11–2445–KHV, 2012 WL 4867226, at *3 (D. Kan. Oct. 15, 2012).

The Court has reviewed the proposed settlement and determines that it meets all of the requirements of § 216(b). The proposed settlement provides Sanchez compensation exceeding the maximum amount she could recover were she to prevail on the merits, and spares Fitch from the substantial expense it might incur through continued litigation, even if it ultimately prevailed. The Court finds the settlement is fair and equitable to both parties. Further, the settlement resolves a bona fide dispute and provides reasonable attorney's fees and costs for Sanchez's counsel. For these reasons, the Court will approve the settlement and grant the parties' motion. Accordingly,

IT IS ORDERED:

1. The Proposed Settlement is approved;
2. The Joint Motion for Approval of Settlement (Filing No. 14) is granted.

Dated this 18th day of November, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge